# HALLWOOD *v.* LALOR.

PATENTS; INTERFERENCE; BURDEN OF PROOF; CONCURRENT DECISIONS IN PATENT OFFICE, EFFECT OF; PRIORITY OF INVENTION; DILIGENCE; ABANDONED EXPERIMENT.

1. In an interference case the burden of proof, which is upon the junior applicant in the outset, is substantially increased by a unanimity of decision of the _atent Office tribunals against his claims.
2. Where the junior party to an interference involving priority of invention of an improvement in cash-registering machines, who was not only an inventor in the particular art, but a general officer of a corporation manufacturing cash registers of his invention, aware of the importance of the invention and not lacking in means, claimed to have conceived the invention in January, 1897, but made no attempt to reduce to practice until May, 1898, when he made a crude machine, which was afterward destroyed, and in the meantime the senior party, a tradesman and not a mechanic, without means or assistance of capital, entered the field and made a practical machine in December, 1897, it was

*held* that the junior party was not only lacking in diligence, and, therefore, not entitled to an award of priority of invention, *following* McCormick v. Cleal, 12 App. D. C. 335, and Christensen v. Ellis, 17 App. D. C. 498, but that it was questionable whether his crude machine was not a mere abandoned experiment rather than a reduction to practice, *following* Traver v. Brown, 14 App. D. C. 34; Reichenbach v. Kelley, 17 App. D. C. 333, and Howard v. Hey, 18 App. D. C. 142.

No. 210. Patent Appeals. Submitted November 14, 1902. Decided January 20, 1903.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Paul A. Staley* for the appellant.

*Mr. Frank Parker Davis* and *Mr. Alvin Macauley* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal in an interference case involving priority of invention of an improvement in cash-registering machines.

The issue is in the following terms:

" In a cash-register, the combination with a framework, a sliding drawer therein having separated compartments, of a sliding cover-plate for each of said compartments, and mechanism whereby the opening of the drawer results in the cover-plate of one of said compartments moving outward with the drawer and the cover-plate of the remaining compartment remaining in its inner position."

Originally there were three parties to the proceeding — Henry S. Hallwood, Patrick Lalor and Bockhoff. Bockhoff is no longer in the case having failed to appeal from the decision of the Commissioner of Patents.

Lalor filed his application March 22, 1899, and has alleged conception in 1895, and reduction to practice in December, 1897. Hallwood filed his application December 14, 1899,

and has alleged conception in January, 1897. disclosure in February or March, 1897, and reduction to practice in May, 1898.

Being the junior applicant, the burden was upon Hallwood in the outset of the case; and that burden has been substantially increased by the unanimity of decision of the Patent Office tribunals against his claims.

Upon a careful consideration of the purport of the evidence, and the principles of law applicable thereto, with the aid of an able argument on behalf of the appellant, we have been unable to discover any reasonable ground for reversing the decision of the Commissioner of Patents.

Nor do we find that we could add anything of importance to the painstaking review of the contentions of the parties and the evidence on which they are founded, that is contained in the concurring decisions of the Patent Office tribunals.

Upon either of two grounds adverted to in those decisions, the award of priority to Lalor may reasonably be upheld.

First. There is no doubt of Lalor's reduction to practice in 1897. The machine then made is in existence, and in addition to the testimony relating to it, speaks for itself. The direct testimony of Lalor to a conception of the invention, though insufficient of itself, is supported by well-established circumstances which strongly tend to show that he had this conception and was working to give it expression, before Hallwood's claimed date of conception. Having conceived and disclosed his invention, he followed it up with reasonable diligence, under all the circumstances, to successful reduction to practice.

Second. If, on the other hand, Hallwood were adjudged the first to conceive, he lost that advantage because he was not exercising due diligence to perfect his invention at the time when Lalor undoubtedly entered the field. Upon a conception claimed as early as January, 1897, he made no attempt at reduction until May, 1898. He was not only an inventor in this particular art, but was also one of the general officers of a corporation engaged in the manufacture and sale of cash-registers of his own invention and improvement.

He was necessarily aware of the importance or value of the invention, and lacked neither means nor opportunity for the embodiment of his conception in a working machine demonstrative of its utility.

In the meantime, Lalor, a tradesman and not a mechanic, a man without means, or assistance of capital, entered the field and made a practical machine in December, 1897. The grounds upon which Hallwood claims the exercise of diligence do not liken his case to those presented in the decisions upon which he relies. *McCormick* v. *Cleal,* 12 App. D. C. 335; *Christensen* v. *Ellis,* 17 App. D. C. 498.

Moreover, when we consider the delay of Hallwood in utilizing his invention, or applying for a patent, it is questionable, to say the least, whether his crude machine of May, 1898, which was afterward destroyed, can be held to be a reduction to practice. The grounds for holding it as amounting to nothing more than an abandoned experiment resemble, in some degree, those upon which that conclusion has been reached in other cases. *Howard* v. *Hey,* 18 App. D. C. 142; *Reichenbach* v. *Kelley,* 17 App. D. C. 333; *Traver* v. *Brown,* 14 App. D. C. 34.

For the reasons given, the decision will be affirmed. It is so ordered, and that this decision be certified to the Commissioner of Patents as required by law. *Affirmed.*